**Wilford Hullon DIMSDLE, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

**No. A-14330.**

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

Wilford Hullon Dimsdle, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

On the 23rd day of September, 1966, Wilford Hullon Dimsdle, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms. Judgment and sentence was pronounced against him and notice of intent to appeal to the Court of Criminal Appeals was duly entered. The trial court appointed counsel to represent the defendant in perfecting an appeal to this Court and provided casemade at public expense. No appeal was ever perfected within the time provided by law at the time petitioner herein filed his application for habeas corpus on the grounds that he was denied his constitutional right to a judicial review of the trial proceedings and seeking his release from confinement and a reversal of the judgment and sentence rendered against him in District Court Case No. 32094. Defendant correctly urges that when, as in the instant case, an indigent person has been convicted in the trial court and timely notice of intention to appeal, request for casemade and the appointment of counsel to perfect the appeal, has been made in the trial court and granted by said trial court, and through no fault of his own, the appeal is not lodged within the time provided by law, he is entitled to a judicial review of his case.

Title 22 O.S.Supp. § 1073, provides:

"(a) The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal.

(b) The Court of Criminal Appeals may by appropriate rules prescribe the manner in which such determination shall be made, and may direct any inferior court to conduct hearings, make findings of fact, and transmit the same to said appellate court.

* * *"

On the 30th day of June, 1967, this Court granted the Public Defender of Oklahoma County permission to file in petitioner's behalf, a petition in error with casemade attached, under the authority of 22 O.S. Supp. § 1073, supra. When such petition is received, briefs are filed on behalf of the respective parties, and oral argument held thereon, judicial review and examination of the record will be accomplished.

Having granted the defendant his right to a judicial review of the record on his conviction in the District Court of Oklahoma County, Case No. 32094, this petition for habeas corpus is accordingly dismissed.

Writ dismissed.

BRETT, J., and NIX, P. J., concur.